Joseph ELIAN, Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–72752, A72–442–851.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 2004.

Submission Vacated April 2, 2004.

Resubmitted May 25, 2004.

Decided June 2, 2004.

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Susan Houser, Esq., Ronald N. Ohata, U.S. Department of Justice, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Before GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

We examine whether the denials of petitioner Joseph Elian's applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT") were supported by substantial evidence. We find that they were and deny his petition for review on the merits.[1]

We have jurisdiction over Elian's petition pursuant to the Immigration and Nationality Act § 106(a), 8 U.S.C. § 1105a(a) (1995) (repealed), as modified by the Illegal Immigration Reform and Immigrant Responsibility Act's transitional rules, Pub.L. No. 104–208, 110 Stat. 3009 (1996). Because the Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's ("IJ") decision without opinion, we review the IJ's decision as though it were the Board's. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003). The IJ's factual findings are reviewed under the substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). To obtain reversal, Elian must show that "the evidence not only *supports* that conclusion, but *compels* it." *Id.* at 481 n. 1, 112 S.Ct. 812.[2] The record clearly supports the IJ's determination that Elian is ineligible for relief.

## I

First, Elian failed to establish that he suffered past persecution by Israeli authorities, HAMAS, or other Palestinians. Although the cumulative effect of continued abuse may justify asylum even where the incidents of abuse considered individually do not rise to the level of persecution, *see, e.g., Baballah v. Ashcroft,* 367 F.3d 1067, 1075 (9th Cir.2004), the hardships inflicted on Elian are insufficient to establish eligibility for relief. Unfulfilled "[t]hreats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (internal quotation marks omitted) (holding that an alien who received numerous death threats and whose colleagues were murdered by the military did not suffer past persecution). Moreover, under our established stan-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only to the extent necessary to explain our decision.

2. Because the IJ found Elian credible, this court accepts Elian's testimony as true. *Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir. 2000).

dards, Elian's other past hardships do not rise to the level of persecution. *See e.g., Fisher v. INS,* 79 F.3d 955, 959 (9th Cir. 1996) (en banc) (finding harassment but not persecution where an Iranian woman was stopped at gunpoint for leaving strands of hair hanging out of her veil and had her residence searched by government officials for political dissidents).[3]

■ With regard to future persecution, although Elian's demonstration that he suffered harassment in the past is relevant to our analysis, *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1201 (9th Cir.2000), because he failed to demonstrate that he suffered past persecution he is not entitled to the presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.16(b)(1)(i). Thus, we must separately evaluate Elian's prospects of future persecution.

■ To be well-founded, Elian's fear of future persecution must be both subjectively genuine and objectively reasonable. *Montecino v. INS,* 915 F.2d 518, 521 (9th Cir.1990). The IJ ordered Elian deported to the West Bank, or, alternatively, to Jordan. As to the West Bank, Elian satisfied the subjective prong of the well-founded fear test by testifying credibly that he genuinely fears future harm if forced to return. *See Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256 (9th Cir.1992). However, Elian does not contend, and there is no evidence to suggest, that he would face persecution in Jordan on account of his status as a Christian Palestinian. The IJ's decision to designate Jordan as an alternative to the West Bank is supported by substantial evidence. Elian's failure to justify asylum with reference to Jordan

dooms his petition. In any event, even with regard to the West Bank, Elian fails the objective prong of the well-founded fear test because there is no "credible, direct, and specific evidence in the record ... that would support a reasonable fear of persecution." *Ghaly v. INS,* 58 F.3d 1425, 1428 (9th Cir.1995).

Elian's claim that he is stateless is belied by the record. He was not expelled from the West Bank; he left on his own decision. Statelessness alone does not warrant asylum. The Immigration and Nationality Act explicitly contemplates both asylum applicants with a "nationality" and asylum applicants with "no nationality." Where an applicant has "no nationality," 8 U.S.C. § 1101(a)(42)(A) mandates evaluating the petition by reference to the country of "last habitual residence." Elian's last habitual residence was either in the West Bank or in Jordan; he has not demonstrated a well-founded fear of future persecution in either place. Consequently, he is ineligible for relief.

## II

■ To be eligible for withholding of deportation, Elian must meet the higher standard of showing a "clear probability" that his "life or freedom would be threatened" in Jordan or the West Bank on account of his Palestinian Christian identity. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). Because Elian failed to demonstrate the well-founded fear of persecution required to qualify for asylum, he necessarily cannot demonstrate that he is eligible for withholding of deportation. *Fisher,* 79 F.3d at 961.

---

**3.** Since Elian fails the threshold test of demonstrating past persecution, we do not reach the secondary questions of whether the harassment he suffered was on account of his status as a Palestinian Christian or his political beliefs and whether the groups that harassed him were government forces or forces that the government could not or would not control.

## III

To establish eligibility for relief under the CAT, Elian must demonstrate it is more likely than not that he would be tortured if returned to the West Bank or Jordan. 8 C.F.R. § 1208.16(c)(2). For the reasons discussed above, we conclude that substantial evidence supports the IJ's determination that Elian failed to meet this burden. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003) (substantial evidence standard applies in review of CAT claims).

PETITION FOR REVIEW DENIED.